UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JASON NEACE, )
)
         Petitioner, )
)
    vs. ) No. 2:16-cv-00071-WTL-MPB
)
BRIAN SMITH, )
)
         Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Jason Neace for a writ of habeas corpus challenges a prison disciplinary proceeding, REF 15-12-0008, in which he was found guilty of being under the influence of an intoxicating substance. For the reasons explained in this entry, Mr. Neace's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On December 3, 2015, Officer T. Sutton issued a Report of Conduct charging Mr. Neace with being under the influence of an intoxicating substance in violation of Code B-231. The Report of Conduct states:

> On December 3, 2015 at approx. 11:10 am I Officer T. Sutton was conducting a security check in unit 8 c1 bed area. As I entered through the back door I smelled a strong sweet oder [sic], that resembled synthetic marijuana. I then saw resident Neace, Jason 967370 sitting in a chair by bed C1-13, along with him was resident Headspeth, Wayne #233874 and resident Olston, Zachery, #133183. Resident Neace eye's [sic] where [sic] red and dialated [sic] and he was sluggish. I then asked resident Neace to get up and move to the wall, so I could look for what was being smoked. I then radio [sic] for G. Edmonds for help. I then escorted him to medical. He was then seen by Mr. Civils.

Dkt. 13-1, p. 1.

William Civils, LPN, examined Mr. Neace when he was taken to medical. Dkt. 13-1, pp. 2-5. Nurse Civils found that although Mr. Neace's vital signs were stable, his pupils were sluggish and slow to react and his gait was off balance. Nurse Civils concluded that Mr. Neace was possibly intoxicated. *Id.* Nurse Civils examined Mr. Neace again a few hours later and found that his pupils were non-reactive to light stimuli, his speech was slurred, and his standing gait was off. *Id.*

Mr. Neace was notified of the charge on December 4, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 13-2. The Screening Officer noted that Mr. Neace did not request any witnesses, but requested a medical test and urinalysis. *Id*.

The hearing officer conducted a disciplinary hearing on December 7, 2015. Dkt. 13-4. The hearing officer noted Mr. Neace's statement, "I wasn't in a chair. I was just getting out of

bed." *Id*. Relying on the staff report, the statement of the offender, and the medical test, the hearing officer determined that Mr. Neace had violated Code B-231. *Id*. The hearing officer's reasons for his decision were that the Report of Conduct was "clear," the "medical test shows some form of intoxication," and Mr. Neace "admits to being in area in question." *Id.*

The sanctions imposed included a written reprimand, the deprivation of 90 days of earned credit time, and the demotion of credit class II to III. *Id.* The hearing officer imposed the sanctions because of the seriousness and frequency or nature of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id*.

Mr. Neace's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Neace argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) there was no contraband recovered; 2) the nurse protocol showed his vitals to be normal and stable; and 3) the urine drug screen administered immediately in connection with this incident was negative. These will all be treated as challenges to the sufficiency of the evidence.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to

conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

All of Mr. Neace's claims are in essence a request to reweigh the evidence. This the Court cannot do. Although no contraband was discovered and his vital signs were stable, this does not render the hearing officer's conclusion unconstitutional. Mr. Neace has submitted a document titled "Urine Drug Testing Custody & Control Form," dkt. 1-1, p. 9, but the name of the "donor" is Jason "Lance" not "Neace," and the sample was not dated until December 6, 2015, three days after the date of the charge. The test also appears to have been requested to detect "OXY" and "PCP," not synthetic marijuana. Even more important, the document contains no test result and was apparently not provided to nor considered by the hearing officer. The fact that a urine sample may have been collected three days later has no evidentiary value, much less exculpatory value, in light of these circumstances.

The evidentiary standard is low in this setting, meaning that as long as the hearing officer's decision was not arbitrary and was supported by some evidence, Mr. Neace's due process rights were not violated. Here, the medical examinations reported by Nurse Civils and the fact that Mr. Neace was found in the area where the contraband was smelled are sufficient to support the guilty finding in this case.

Mr. Neace was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the

finding of guilt. Under these circumstances, there were no violations of Mr. Neace's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Neace's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**The clerk shall update** the docket to reflect Mr. Neace's current address at the Plainfield Correctional Facility, as designated in the distribution list on this Entry.

**IT IS SO ORDERED.**

Date: 10/12/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

JASON NEACE
967370
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN   46168

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.